**Not for Publication in West's Federal Reporter**
**Citation Limited Pursuant to 1st Cir. Loc. R. 32.3**

# United States Court of Appeals

## For the First Circuit

No. 04-1029

UNITED STATES OF AMERICA,

Appellee,

v.

JEFFREY PINA,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Patti B. Saris, U.S. District Judge]

Before

Selya, Circuit Judge,
Hill,[*] Senior Circuit Judge,
and Lynch, Circuit Judge.

Evan Slavit with whom Bodoff & Slavitt LLP was on brief, for
appellant.
William H. Connolly, Assistant United States Attorney, with
whom Michael J. Sullivan, United States Attorney, was on brief, for
appellee.

July 15, 2005

---

[*] Of the Eleventh Circuit, sitting by designation.

**Per Curiam**: Defendant-appellant Jeffrey T. Pina challenges his jury convictions for being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1), for possession of cocaine base with intent to distribute it, in violation of 21 U.S.C. § 841(a)(1), and for possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A). Based upon the following, we affirm the judgment of the district court.

## I.

Although Pina raises multiple issues on appeal, we discuss only one: did the district court abuse its discretion in admitting the opinion testimony of the government's drug expert witness, Brockton Police Sergeant Kevin O'Connell?[1] See United States v. Valle, 72 F.3d 210, 214 (1st Cir. 1995)(the trial court has discretion to admit or reject expert testimony and its determination is reviewable only for an abuse of that discretion).[2]

## II.

O'Connell testified that "the crack cocaine and other items found" at the apartment, such as scales, packages of cash,

---

[1] All other issues are plainly meritless and, therefore, are affirmed without discussion.

[2] Pina does not challenge O'Connell's expert qualifications. Nor does he challenge the admission into evidence under Fed. R. Evid. 702 by the district court of each of the specific items discussed by O'Connell in his expert testimony.

-2-

and Glad sandwich baggies, "were consistent with distribution." R2 at 75.[3] Pina claims that O'Connell's testimony was irrelevant under Fed. R. Evid. 401, prejudicial and non-probative under Fed. R. Evid. 403, and beyond the scope of Fed. R. Evid. 702.

Pina contends that, as these items have many innocent uses, their presence does not make his involvement with drug trafficking more likely. Therefore, because the presence of these items is also "not inconsistent with" the personal use or possession of drugs, this testimony is neither relevant nor probative to the jury.

Pina claims that although such specific phraseology, "consistent with" drug trafficking, has been examined many times by this circuit in general terms, it has never been squarely addressed. But see United States v. Ladd, 885 F.2d 954, 960 (1st Cir. 1989) (where drug expert's opinion that drug packaging was "consistent with" distribution was deemed probative and relevant as to defendant's intent). Pina argues, however, that in this close circumstantial case, the jury verdict would in all likelihood have been different, had O'Connell's expert testimony been excluded.

---

[3] Citations to the record are in the following format: R [volume number] at [page number].

III.

The government contends that the record reads differently than Pina suggests. We agree.

Among other things, O'Connell testified on direct examination in this manner:

Q. Based on the items that you've described previously as having seen, have you formed an opinion, with respect to the crack cocaine and the other items found, whether or not that crack cocaine is – and the other items is consistent with the intent to distribute crack cocaine?

[Defense Counsel]: Objection.

THE COURT: Sustained as to the form of the question.

Q. Have you formed an opinion with respect to those items as to whether it's consistent with distribution versus personal possession?

A. I have.

Q. And, what is that opinion?

A. It is consistent with distribution.

R2 at 74-75.

The original question posed by the government to the drug expert was, based upon the drugs and other items seized from the

apartment, "do you have an opinion as to whether or not these items are consistent with an intent to distribute crack cocaine?" R2 at 74-75. Objection was made by defense counsel. R2 at 75. That objection was sustained by the district court. *Id.*

The question was then properly rephrased by the government to eliminate any reference or speculation as to the defendant's intent. R2 at 75. The drug expert was asked whether or not he had formed an opinion with respect to whether or not those items were "consistent with drug distribution versus personal possession." *Id.* He answered in the affirmative. *Id.* The drug expert was then asked to give his opinion. *Id.* It was his opinion that the items found in the apartment, (the crack cocaine [R2 at 65-69], the scales [R2 at 70-72], the baggies [R2 at 69-70] and the packages of cash [R2 at 72-74]), were consistent with drug trafficking. R2 at 75.

It is clear from a reading of the entire record that O'Connell did not testify that all the items, such as the scales, were inconsistent with personal possession. Nor did he offer an opinion on Pina's intent with respect to the crack cocaine. He merely gave his opinion, based upon his training and experience, that the drugs and collection of items found in Pina's apartment were, in the aggregate, consistent with the <u>distribution</u> of crack cocaine as opposed to mere possession. <u>See Ladd</u>, 885 F.2d at 960; <u>see also Valle</u>, 72 F.3d at 216 (expert testimony is appropriate

provided the expert is not offering his or her opinion on the defendant's specific intent but only laying out critical facts upon which a jury can determine the defendant's intent).

O'Connell, after defense counsel's sustained objection, testified properly in accordance with the rules of evidence. This ends the case on appeal.

IV.

The judgment of the district court is affirmed.

**AFFIRMED**.